UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GEORGE W. WATSON, JR.** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **NCC RECOVERY, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, George W. Watson, Jr. by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, George W. Watson, Jr., is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a registered address in this District.

### III. PARTIES

4. Plaintiff, George W. Watson, Jr. is an adult natural person residing at 4493 Springvale Drive, Warrensville Heights, Ohio 44128. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCC Recovery, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Ohio with and California with its principal place of business located at 12550 Hesperia Road, Suite 212, Victorville, CA 92395 and a registered address located at 820 Bear Tavern Road, Ewing, NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around August 25, 2010, the Defendant contacted the Plaintiff regarding an alleged debt of approximately $4,000.00 due to the nursing home at which the Plaintiff's father lived before he passed away.

8. The Plaintiff explained to the Defendant's agent, "Frank," that the person they are calling for, the Plaintiff's father, is deceased and has no estate.

9. The Defendant's agent asked the Plaintiff who he was and the Plaintiff replied, "I am the son of George Watson, Sr."

10. The Defendant's agent, "Frank," proceeded to ask the Plaintiff, "Well why didn't you pay before he died??"

11.     The Plaintiff responded to the Defendant's question by telling, "Frank," to stop calling and to cease and desist all further communication.  The Defendant's agent, "Frank," refused to comply and told the Plaintiff that the Plaintiff needs to pay the Defendant's client and that the alleged debt should have already been paid before the Plaintiff's father died.

12.     The Defendant's agent told the Plaintiff that the Defendant will continue to call until the alleged debt is paid.

13.     On or around September 14, 2010, the Defendant's agent, "Frank," again called the Plaintiff.  The Plaintiff asked "Frank" for his last name but after hesitation, he answered, "Frank Stone, what's your name?!"  The Plaintiff replied, "George W. Watson, Jr."  The Defendant's agent mocked the Plaintiff and said, "Ooohhh!! Junior! Well, Junior, why don't you pay my client??"

14.     The Plaintiff explained to "Frank" that he gave a verbal cease and desist during their first conversation and again said to stop calling and that if the Defendant called again, the Plaintiff record the conversation himself.

15.     The agent of the Defendant's reply was, "So what.  I want you to pay the bill you owe my client!" and then hung up.

16.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning this debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCC Recovery, Inc. for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

### V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

                **Respectfully submitted,**

                **WARREN & VULLINGS, LLP**

**Date:  September 30, 2010**         **BY:  _/s/  Bruce K. Warren_**
                Bruce K. Warren, Esquire
                **BY:  _/s/  Brent F. Vullings_**
                Brent F. Vullings, Esquire

                Warren & Vullings, LLP
                1603 Rhawn Street
                Philadelphia, PA  19111
                215-745-9800   Fax 215-745-7880
                Attorneys' for Plaintiff