UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
GEORGE W. WATSON, JR.,                  :
                                        :    Civil Action No. 10-5041 (FLW)
            Plaintiff,                  :
                                        :    **ORDER**
      v.                                :
                                        :
NCC RECOVERY, INC.,                     :
                                        :
            Defendant.                  :
_____:

**THIS MATTER** having been opened to the Court by Darron J. Behr, Esq., counsel for Defendant NCC Recovery, Inc. ("Defendant") on a motion to dismiss Plaintiff George W. Watson, Jr.'s ("Plaintiff") Complaint for improper venue, or in the alternative, transfer this case to the United States District Court for Northern District of Ohio; it appearing that Plaintiff, through her counsel, Brent V. Vullings, Esq., opposes the motion; it appearing that Plaintiff argues that venue is proper in this District, or in the alternative, Plaintiff agrees that this case should be transferred to the Northern District of Ohio, where Plaintiff resides; it appearing that Plaintiff alleges that Defendant's agent verbally harassed Plaintiff during several telephone calls regarding an alleged debt and thus, Plaintiff alleges that such conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; it appearing that, with respect to improper venue pursuant to 28 U.S.C. § 1391(b), the issue centers on whether Defendant, a corporation, is subject to personal jurisdiction in New Jersey, see 28 U.S.C. § 1391(c); it appearing that while there is case law in the Third Circuit to support the proposition that a foreign corporation consents to personal jurisdiction in the State of New Jersey by having a registered agent and office in this State, see, e.g., Saddler v. Hallsmith Sysco Food Servs., 2009 U.S. Dist. LEXIS 33682 (D.N.J. Apr. 21, 2009); Bane v. Netlink, 925 F.2d 637,

640 (3d Cir. 1991), the Court need not reach this issue because it finds that New Jersey is not a convenient forum pursuant to 28 U.S.C. § 1404(a); it appearing that having weighed the private and public interests factors set forth in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995), the Court finds that it is appropriate to transfer this matter to the Northern District of Ohio; it appearing that the "private interest" factors weigh in favor of transferring this case to Ohio; first, Plaintiff's preference of forum is either New Jersey or Ohio, and Defendant also expressed a preference for Ohio; second, Plaintiff's claim arose in Ohio and she currently resides in Ohio; next, Plaintiff would not be inconvenienced if she were to litigate in her own state; it appearing that the "public interest" factors also weigh in favor of transferring this case to Ohio; it appearing that neither party has argued that transferring this case to Ohio would affect the enforceability of a judgment, nor that court congestion is a concern; it appearing that, importantly, Ohio certainly has the most interest in deciding disputes over its residents; the Court having considered the moving, opposition and reply papers submitted by the parties pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein and for good cause shown,

**IT IS** on this 14th day of January, 2011,

**ORDERED** that Defendant's motion to dismiss is **DENIED**; it is further

**ORDERED** that in lieu of dismissal, this action is transferred to the U.S. District Court for the Northern District of Ohio.

/s/   Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge